UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> YOUNG BROTHERS PROPERTIES, INC., EDWARD L. YOUNG, and JAMES N. YOUNG, <br><br> Defendants. | No. 15–cv–1236 (KM)(MAH) <br><br> OPINION |

KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the unopposed motion of plaintiff Days Inns Worldwide, Inc. ("Days Inns"), for default judgment against defendants Young Brothers Properties, Inc. ("YBP"), and Edward L. Young. (ECF No. 9) Days Inns voluntarily dismissed defendant James N. Young on March 19, 2015.[1] (ECF No. 6)

For the reasons set forth below, I will enter a default judgment against the YBP and Edward. Days Inns is awarded $487,936.27, comprising (i) $149,934.19 in outstanding fees and interest and (ii) $338,002.98 in liquidated damages and interest. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

---

[1] For convenience, I will refer to defendants James Young and Edward Young by their first names.

1

## I. BACKGROUND

### A. The Parties

Days Inns is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶ 1 (ECF No. 1)) Defendants are YBP, a corporation organized and principally conducting business in South Carolina, and Edward and James, principles of YBP and citizens of South Carolina. (Compl. ¶¶ 2–4)

### B. Jurisdiction

The complaint alleges diversity jurisdiction. (Compl. ¶ 5) It also alleges that this Court has personal jurisdiction over YBP because of a clause assenting to jurisdiction in New Jersey in section 17 of the license agreement between YBP and Days Inns. (Compl. ¶ 6) The complaint asserts jurisdiction over Edward and James through a guaranty document, which binds them to section 17 of the license agreement. (Compl. ¶ 7)

### C. Relevant Facts

On August 11, 2000, Days Inns entered into a license agreement with YBP to operate a 120 room hotel. (Compl. ¶ 9, Ex. A) The license agreement required YBP to operate a Days Inn hotel for 18 years and make periodic payments to Days Inns for royalties, taxes, interest, and fees ("Recurring Fees"); YBP to pay 1.5% monthly interest on past due payments; and YBP to pay liquidated damages of no less than $2,000 per room upon termination of the agreement. (Compl. ¶¶ 10-12, 16–17) It also provided that Days Inns could terminate the license agreement with notice to YBP for various reasons, including if YBP failed to pay any amount due under the license agreement, failed to remedy any other default of its obligations after receiving notice, or received two notices of default in any one year period. (Compl. ¶ 15) Edward and James guaranteed YBP's obligations to Days Inns as part of the license agreement. (Compl. ¶¶ 19–20, Ex. B)

On May 16, 2013, Days Inns terminated the license agreement after sending two notices earlier in 2013 that YBP was in breach of the license

agreement because it owed Recurring Fees. (Compl. ¶¶ 23–25, Exs. D–F) In the termination letter, Days Inns advised YBP that it was required to pay liquidated damages of $240,000.00, as well as all outstanding Recurring Fees. (Compl. ¶ 25, Ex. F)

### D. Claims

1. Days Inns requests enforcement of provisions of the license agreement that allow it to audit YBP's financial information in order to confirm the amount that YBP owes Days Inns. (Compl. ¶¶ 26–29)
2. Days Inns requests enforcement of provisions of the license agreement that require YBP to pay Days Inns liquidated damages in the amount of $240,000.00. (Compl. ¶¶ 30–35)
3. In alternative to claim 2, Days Inns requests damages for premature termination of the license agreement. (Compl. ¶¶ 36–39)
4. Days Inns alleges breach of contract due to YBP's failure to pay Recurring Fees in the amount of $139,125.64. (Compl. ¶¶ 40–43)
5. Days Inns alleges unjust enrichment due to YBP's failure to pay Recurring Fees in the amount of $139,125.64. (Compl. ¶¶ 44–47)
6. Days Inns requests enforcement of Edward and James's guarantee of YBP's obligations of $240,000.00 or actual damages for termination and $139,125.64 in recurring fees. (Compl. ¶¶ 48–51)

### E. Procedural History

Days Inns filed its complaint on February 17, 2015. A summons issued that day. (ECF No. 4) YBP and Edward were served on March 3, 2015, and Days Inns filed returned the summons on March 10, 2015. (ECF No. 5) Days Inns then dismissed James from the suit without prejudice on March 19, 2015. (ECF No. 6) On July 30, 2015, Days Inns made a request for default after YBP and Edward failed to respond in any manner, and the clerk's office made an entry of default the next day. (ECF No. 8) On August 27, 2015, Days Inns

moved for default judgment against the YBP and Edward. (ECF No. 9) The motion remains unopposed.

## II. ANALYSIS

### A. Standard of Review

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, No. CIV. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. CIV. 12–5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### B. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the

defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of a corporate entity, such as YBP, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1). New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties....

N.J. Ct. R. 4:4-4(a)(6).

Service of an individual defendant, such as Edward, may be made under the Federal Rules by

> doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Here, the prerequisites for default judgment have been met because Days Inns properly served YBP and Edward. *See* Section I.E., *supra.*

5

### C. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

#### 1. Factor 1: Meritorious Defense

The evaluation of the first factor is complicated, of course, by YBP and Edward's failure to answer or to oppose this motion. My independent review of the record, however, does not suggest that the claims asserted are legally flawed or that YBP or Edward could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Days Inns has successfully stated a claim for breach of both the license agreement and the guaranty.

Under New Jersey law,[2] the elements of a breach of contract are that (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and (3) the plaintiff sustained damages as a result. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 488 A.2d 1083 (N.J. Super. Ct. App. Div. 1985)); *Peck v. Donovan*, 565 F. App'x 66, 69–

---

[2] Section 17.5 of the license agreement provides that New Jersey law governs the license agreement (Compl. Ex. A § 17.5), and the guarantee specifically adopts section 17 (Compl. Ex. B). Further, section 17.4 provides that the parties consent to personal jurisdiction in New Jersey. (Compl. Ex. A § 17.4); *see Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04, 102 S. Ct. 2099, 2105 (1982).

70 (3d Cir. 2012) (citing *Murphy v. Implicito,* 920 A.2d 678 (N.J. Super. Ct. App. Div. 2007)).

I am satisfied that Days Inns has set forth a sufficient claim for breach of contract, and I cannot, from the limited materials before me, see any meritorious defense. Days Inns has shown the existence of two valid contracts: the license agreement and the guaranty. (*See* Compl. Exs. A–B) Days Inns has alleged that termination of the license agreement was proper after they sent YBP two notices of default in a one year period. (*See* Compl. 15, 22-25, Ex. A § 11.2) Days Inns also alleges that they have been damaged by YBP's breach of the contract when it failed to pay liquidated damages or Recurring Fees. (Compl. ¶¶ 34–35, 42–43) Days Inns also has properly alleged that the guarantee agreement, which made Edward liable for liquidated damages and Recurring Fees, has been breached because Edward has not paid Days Inns the damages and fees. (Compl. ¶¶ 50–51)

Therefore, I cannot discern any meritorious defense to DIW's allegations.

### 2. Factors 2 and 3: Prejudice to Plaintiffs and Culpability of YBP and Edward

The second and third factors also weigh in favor of default. YBP and Edward were properly served on March 3, 2015, but have failed to appear and defend themselves in any manner. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. CIV. 11–624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) ("Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion."). Absent any evidence to the contrary, "the Defendant[s'] failure to answer evinces the Defendant[s'] culpability in [the] default. *Id.* And "[t]here is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* at *4 (citing *Prudential Ins. Co. of America v. Taylor,* No. 08–2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's

7

conduct is culpable and warrants default judgment)).

The only possible conclusion based on the record is that YBP and Edward breached their obligations under the License Agreement and the Guaranty; that they, not Days Inns, were culpable for the breach; and that Days Inns was prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### D. Remedies

Days Inns seeks two types of compensation, totaling $487,936.27. (*See* Fenimore Aff. ¶ 26 (ECF No. 9-3)) Specifically, Days Inns seeks (1) $149,934.19 in recurring fees, including principal and interest (*id.* ¶ 20), and (2) $338,002.98 in liquidated damages and pre-judgment interest (*id.* ¶¶ 26–27).

Days Inns submitted documentary evidence in support of its demands (*see* Fenimore Aff.), while the defendants have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would thus serve little additional purpose, so I rule based on the record before me.

I will grant Days Inns' request for the principal amount of recurring fees due and interest on those fees. (*See* Fenimore Aff. ¶ 26) Days Inns documented recurring fees (and the interest thereon calculated at 1.5% monthly) owed from April 2012 through December 2013, in the amount of $149,934.19. (Fenimore Aff. Ex. G)

I will also grant Days Inns' request for liquidated damages (*see* Fenimore Aff. ¶¶ 26-27) Days Inns calculated $240,000.00 in liquidated damages from § 12.1 of the license agreement, which set liquidated damages at $2,000 multiplied by the 120 guest rooms. (*Id.* ¶ 25–26) Days Inns then properly calculated 1.5% interest over 828 days from June 15, 2013 (30 days from the termination notice) to September 21, 2015 (the return date of this motion to dismiss) to reach $98,002.08 in interest owed on the liquidated damages payment. (*Id.* ¶ 27) Thus, the total amount I will award for liquidated damages is $338,002.98.

The total judgment awarded is, therefore, $487,936.27. Post-judgment

8

per diem interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

### III.   CONCLUSION

For the foregoing reasons, the motion is granted and a default judgment will be entered against YBP and Edward and in favor of Days Inns in the total amount of $487,936.27, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order and judgment will issue.

Dated: March 3, 2016

_____
**Hon. Kevin McNulty**
**United States District Judge**